N. DAVIES COTTON v. THE INHABITANTS OF THE TOWN-SHIP OF NEW PROVIDENCE, IN THE COUNTY OF UNION.

1. In a suit on obligations issued under the "act to authorize certain towns in the counties of Somerset, Morris, Essex and Union to issue bonds and take stock in the Passaic Valley and Peapack Railroad Company," approved April 9th, 1868, the declaration must show that the commissioners who issued the bonds were appointed and had given security in the manner required by the act; and that the consent of such a proportion of the taxpayers of the township had been given and evidenced in the manner required by the act for the issue of the obligations; and in general must show the power of the commissioners to issue the obligations.

2. A declaration on the coupons of such obligations requires the same averments of authority as a declaration on the obligations.

The action is in debt. The declaration avers that the defendant, on January 1st, 1869, by its writing obligatory, "denominated Bond No. 84, * * * signed by J. J. and J. L., two of its commissioners appointed for that purpose, and registered in the county clerk's office, * * * acknowledged itself to owe to the bearer thereof $500 * * * and * * * duly issued and delivered the same to plaintiff in pursuance of authority granted by law * * * in that behalf, and thereby promised to pay said sum to the bearer thereof * * * in twenty years after the date thereof, with interest at the rate of seven per cent. per annum, payable * .* * upon presentation and delivery of the coupons severally attached thereto, half-yearly, * * * which sum as in said writing obligatory is recited and declared was part of the amount authorized by an act * * * entitled 'An act to authorize certain towns in the counties of Somerset, Morris, Essex and Union to issue bonds and take stock in the Passaic Valley and Peapack Railroad Company, approved April 9th, 1868.'

The declaration then sets out the non-payment of twenty-eight coupons attached to said bond, and claims $17.50 on each coupon.

To so much of the declaration as covers these claims a demurrer was interposed.

Argued at June Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *F. F. Hogate.*

For the defendant, *R. H. McCarter.*

The opinion of the court was delivered by

MAGIE, J. This action is founded on an obligation issued under an act of the legislature, authorizing the townships of certain counties to issue bonds for the benefit of a railroad company, which act was considered by this court in the case of *Morrison* v. *Bernards*, 7 *Vroom* 219.

It was there settled that in suits on such obligations the legal power of the commissioners who issued them must appear in the declaration.

The demurrant in this case insists that the counts demurred to are faulty because they do not show authority for the issue of the bond and coupons declared on.

The causes of demurrer specified on notice include one which was passed upon in Morrison. v. Bernards, and there held fatal to the declaration. Since, however, the other causes relate to matters of importance, if the suit should be proceeded with, it has been thought best to express an opinion on all of them.

It is first insisted that the declaration does not show that the commissioners, who by the act are authorized to issue bonds, were appointed in the prescribed manner. All that is averred on the subject is, that the bond was signed, &c., by two commissioners "appointed for that purpose." By whom or how they were appointed does not appear. But the act gives

authority only to commissioners appointed by the Circuit Court of the county. The power to appoint is not one ordinarily exercisable by that court; it is to be exercised only on a speci- fied application.

On the principle settled in Morrison v. Bernards it is plain that the declaration is in this respect defective, and that it ought to show that the commissioners were in fact appointed in the manner required by the act.

It is next urged that the declaration fails to show the authority of the commissioners in another respect. The act provides that before the commissioners can discharge any duty under the act they shall give bond to the township whose ob- ligations they are to issue, with security to be approved by the township committee or the judge of the Circuit Court. The bonds are to be filed with the township clerk.

The giving of such security and its due approval are evi- dently conditions without the performance of which the com- missioners acquired no power to do aught to bind the town- ship, and the declaration should aver that such acts were done as were essential to endow them with power to issue the obli- gations in question.

It is further argued that the declaration does not aver that the two commissioners mentioned were a majority of the com- missioners of that township. The act authorizes a majority of the commissioners to exercise the powers conferred thereby. It expressly provides that the commissioners appointed shall not exceed three. The averment that two commissioners acted is therefore sufficient. An averment that two constitutes a majority of three would be superfluous.

It is next insisted that the declaration does not show that the whole issue of bonds, of which the bond declared on was one, did not exceed in the aggregate the amount the commis- sioners were authorized to issue. The act fixed a limit to the amount of bonds to be issued. They were not to exceed ten per cent. of the valuation of the real estate and landed prop- erty of the township, to be ascertained by the assessment-rolls thereof for the year 1867. The contention under this reason

is, that every bond issued in excess of the limit would be void, and therefore it should appear that the bond in question is within the limit.

Whether a bond issued in excess of the limit would be void or not depends on the authority conferred by the act on the officers who were to issue the bonds.

In the case of *Mutual Benefit Life Ins. Co.* v. *Elizabeth,*. 13 *Vroom* 235, the question involved was discussed and settled. The learned Chief Justice in his opinion says, " the question will ever be, was it the intention of the law-maker in this particular case to endow the officer executing the bonds, or some other functionary, with the power to adjudge that the condition precedent has been performed?" And it was held that a legislative intent to make a particular officer a tribunal to decide whether the prerequisites to the exercise of the authority existed, will not be inferred when the act provides that the existence of such prerequisites shall be made matter of record. In such case the purchaser of the bonds must look to the record for assurance of title. But when the authority of an officer is dependent on facts, the existence of which is exclusively or at least peculiarly within his knowledge, the legitimate conclusion is that the legislative intent was to invest him with the right to decide as to the existence of such facts, and his decision was meant to be final so far as respected purchasers for value and without notice of any flaw in the transaction.

The principle was thus applied in that case. Authority had been given the city to issue bonds for the amount of assessments ratified and unpaid on a certain day. What assessments were ratified and unpaid on that day could only be ascertained by examination of the city's books and accounts,. and only with reasonable certainty, by its officers. Bonds issued largely in excess of the limit of authority were declared to be enforceable, and it was held that purchasers had a right to rely on the action of the officers who, by issuing the bonds, affirmed that the conditions requisite for their issue existed.

The case has been affirmed by the Court of Errors, and the principle adopted governs the question here presented.

The limit of the issue of bonds in this case depended on the valuation of the real property of the township 'for a certain' year, to be ascertained from the "assessment-rolls" (by which I assume was meant the duplicate) for that year. Whether the duplicate of assessments of taxes is a public record or not, and in whose custody it lawfully remains after .the expiration of the term of office of the collector to whom it was delivered, are questions that have been mooted but not decided. *Hilyard* v. *Harrison*, 8 *Vroom* 170. However they may be answered, it is clear that the duplicate in this case, although a public document, was not readily accessible to intending purchasers, but was especially accessible to the township officers and the commissioners entrusted with this power. When they issued bonds they averred that the issue was within the limit. Construing the act by the rule laid down in the case cited, the legislative intent that their decision on this subject should be final, appears. The holder of the bonds had a right to rely thereon. For this reason I feel constrained to hold that bonds issued beyond the limit would be enforceable, and therefore that the declaration need not show that the bond sued on was within the limit.

It is further contended that the declaration does not show that a consent to the issue of the bond by such a proportion of the taxpayers of the township as was required by the act, was obtained and evidenced in the manner prescribed in the act.

This objection is covered by the decision in Morrison *v.* Bernards, and on the authority of that case the declaration must be held to be fatally defective in this respect.

Another cause assigned to support the demurrer is, that the declaration does not aver that this bond had printed or written, across its face, the words "registered in the county clerk's office," attested ·by the signature of the county clerk.

The act expressly enacts that all bonds issued under it shall .be registered in the county clerk's office, and shall have the

words above quoted printed or written across the face, attested by the signature of the county clerk when so registered. It declares that no bond shall be valid unless so registered.

In Morrison v. Bernards it was not averred that the bond sued on had been registered, and that omission was considered fatal. Here it is averred that the bond in question was regis- tered. The objection is that it is not averred to have been certified as registered, as required by the act.

But the act invalidates the bonds only in case they are not registered. The failure to have the registration certified upon the bonds is not declared to be fatal to their validity. Regis- tration is therefore the only essential feature, and since that is shown the act is satisfied in this respect.

The declaration fails to show that the bond was executed under the hands and seals of the commissioners, as the act re- quires. But as this omission is not included in any of the causes of demurrer, it has not been considered.

That the part of the declaration demurred to is founded on the coupons or warrants for interest on the bond in question, does not relieve the pleader from the necessity to show the authority to issue the obligations. The principles involved apply to coupons as well as to bonds. The suit of Morrison v. Bernards was upon coupons.

By reason of the defects in the declaration above pointed out, the defendant is entitled to judgment on the demurrer.