His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, a.s follows:
In this proceeding directed against the Recorder of Mortgages and one Charles Di Bartolo-, relator seeks to have cancelled and erased from the mortgage records of this city, and to have declared null and void the inscription of an instrument executed by her and another before a notary and two witnesses, wherein they acknowledged themselves indebted to- and confessed judgment in favor of Di Bartolo for a certain sum, and wherein they furthermore declared:
“And as security for the payment of said amount above stated, we hereby recognized this amount of indebtedness as against all the property owned by us in the Parish of Orleans. That we will allow this acknowledgment of indebtedness to be recorded in the mortgage office of the Parish of Orleans in favor of said Di Bartolo and there to remain until same be satisfied and cancelled.”
The sole question submitted is whether or not the instrument fails, for lack of sufficient description, to constitute a conventional mortgage upon relator’s property in this parish; for all parties admit that if it is not a conventional mortgage-, then it is no form of a legal encumbrance whatever, and should be erased from the records.
Relator contends that no mortgage rights can be founded upon an act wherein, as in this case, the property *231 is described in general terms as ‘ ‘ all the property owned by ns in the Parish of Orleans.” And the contention is predicated upon the provisions of E. G. C., 3306, 3307, which prescribe that in order “to render a conventional mortgage valid,” whether it be of all one’s property or of only a specific part, the property must in either case be “expressly enumerated,” that is, “it is necessary” that the fact “shall state precisely the nature and situation of each of the immovables on which the mortgage is granted.”
The general conventional mortgage, which embraced all present and future property of the debtor, ceased to exist in Louisiana with the repeal of the Code of 1808 and the adoption of the Code of 1825. Code of 1808, L. 3, Tit., 19, Chap. 1, 28-30.
The Code of 1825, which to-day has not been modified in this regard, while it rétainecl the special mortgage as such, that is, a mortgage affecting all or part of one’s present property, introduced this vital reform with respect to special mortgages, pamely, that it now prohibited the mortgaging in general terms of all of one’s property, and prescribed that no conventional mortgage, whether it be of all or of a part of the debtor’s property should be valid, unless the property in either case, be “■expressly enumerated,” that is, it required as a condition to the validity of the mortgage that the act establishing it “shall state precisely the nature and situation of each of the immovables on which the mortgage is granted. ’ ’
R. C. C., 3306, 3307.
These modifications of thé system of conventional mortgages were taken bodily from the French Code, the provisions of our Code being identical with those of the *232 Code Napoleon as originally adopted ,and as it now exists.
Code Napoleon, Art. 2129.
According to the decided weight of authority in France, ia mortgage such as this, of “all the property owned by us in the Parish of Orleans, ’ ’ would be declared an absolute nullity, for failure to enumerate precisely the nature and situation of each of the immovables intended to be affected; and furthermore this nullity might be invoked by the debtor himself, since the requirement of the law as to specific designation and description was adopted in the interests of the public generally, being founded upon the concern of the State in the preservation of the individual credit of its citizens and in the avoidance of the confusion in titles and securities which accompanied the old system of general mortgages.
Dalloz, Codes Annotes, Vol. 4, pp. 1427, 1429.
Baudry-Lacantinerie, Privileges et Hypotheque, Vol. 2, Nos. 1373, 1374, 1375,1377.
Fuzief-Herman-Repertoire, Vol. 23, p. 842.
In construing these provisions of the 'Code, our Courts have said:
“An inscription of a conventional mortgage must substantially describe the mortgaged property. It must be reasonably accurate and full in itself, so far as to inform the public what property is covered; and they are not to be referred elsewhere for information which should be patent upon the public record. ’ ’
Hyde vs. Bennett, 2 An., 799.
Jewell vs. Read, 10 A., 144.
And again:
“A creditor cannot be permitted to inscribe - a loose and obscure notice and leave third persons to *233 ferret out the extent of the antecedent incumbrance claimed by him.”
Jartroux vs. Dupiere, 2 A., 608.
“A distinction might fairly be made between urban and rural estates, and greater minuteness and accuracy of detail might properly be required in the former than in the latter case.”
Consolidated Bank vs. Mason, 24 A., 518.
But it is clear, as remarked in that case, that the Court cannot fix with any greater degree of precision than the Code has done, the line between a valid and an invalid description. Its guide must necessarily be tne unequivocal language of the Code, as supplemented by an examination of the cases wherein its provisions have been applied.
And turning to these decisions, we have found no case nor has .any been cited to us, wherein the Court has sustained a description as vague and as loose as the present one, or which is so clearly repugnant in every-respect to the requirement that the property be expressly enumerated, that the nature as well as the situation of each immovable be precisely stated.
Ells vs. Simms, 2 A., 253.
Baker vs. Bank, 2 A., 371.
City Bank vs. Barrow, 21 A., 396.
Consolidated Bank vs. Mason, 24 A., 518.
Roberts vs. Bauer, 35 A., 453.
Ruber vs. Oil Syndicate, 111 La., 757
Phelan vs. Wilson, 114 La., 813.
Robinson vs. Atkins, 195 La., 790.
Wood vs. Fabrigas, 105 La., 1, 24.
*234 . On the other hand, we are unable to distinguish in principle the present case from that of Edwards vs. Caulk, where a mortgage of ‘ ‘ all the property we hold in common appertaining to the succession of the deceased Joseph Schlatre,” was held void for want of sufficient description; nor from Keifrer vs. Starns, and Sentelle vs. Randolph, where the descriptions, though loose and indefinite, furnished means of identification equal if not greater than that afforded in the present instance.
Edwards vs. Caulk, 5 A., 123.
Keiffer vs. Starns, 27 A., 282.
Sentelle vs. Randolph, 52 A., 52.
And in Edwards vs. Caulk, supra, the ¡absolute nullity of the mortgage was declared even as between the parties thereto, while in the case heretofore citd of Consolidated Bank vs. Mason, 24 A., 518, though the description was deemed sufficient and the mortgage upheld, the controversy with regard to its validity was between the original mortgagor and mortgagee.
¥e conclude, therefore, that under our décisions, as well as under the French jurisprudence, the instrument, even as between the parties, cannot for lack of certainty of description, be sustained as a valid mortgage, and that its inscription of record should be ordered cancelled.
For these reasons, the judgment is set aside and reversed, and it is now decreed that the instrument executed before U. Marinoni, notary public, on May 16, 1913, and recorded in the Mortgage Office of the Parish of Orleans in Book 1090, folio 157, be declared and adjudged null and void in so far as it purports to mortgage, encumber or in any wise affect, the property in said Parish of the relator herein, Mrs. Helena Gillespie, widow of Jos. A. Brisbois; and it is further decreed that *235 the peremptory writ of mandamus issue ¡herein, and accordingly that E. T. Dunn, Recorder of Mortgages of the Parish of Orleans, be ordered to cancel and erase from the records of his office the inscription of said instrument in so far as same purports to mortgage, encumber, or in any wise affect the property aforesaid of the relator herein.. And it is further decreed that the -costs of both Courts be paid by defendant, Charles Di Bartolo.
Opinion and decree, December 6th, 1915.
Rehearing refused, January 17th, 1916.
Writ denied, February 23rd, 1916.
Judgment reversed.