BLANCHARD
*vs.*
COLE ET AL.

## BLANCHARD *vs.* COLE ET AL.

### ON AN APPLICATION FOR A RE-HEARING.

A debt due to persons individually, as legatees, cannot be offered in compensation of a demand due by them in their social capacity, as a commercial firm.

Compensation does not take place by operation of law between mutual claims, when one of them is unliquidated.

Garnishees cannot plead a demand against the defendant in compensation, by way of exception, to the right of the plaintiffs to recover.

In this case a re-hearing has been prayed for, and it is now before the court on this application. See the case *ante.*

*Preston,* for the garnishees and appellants, applied for a re-hearing, on the following grounds:

1. The point on which this case is decided, is new; it has never been discussed in our courts, and was not made or discussed, or the authority on which the decision is based was not cited at the bar, on the argument of the case.

The point on which the garnishees are made liable, is this: that the claim against them is not liquidated, and although their demand is liquidated by notes, it cannot be pleaded as an off-sett against the unliquidated claim of the plaintiff.

2. The plaintiff, by his attachment, acquired only the rights of his debtor against the garnishees; and if his debtor could have recovered, he can; but it is clear his debtor could not, and he cannot.

3. The term compensation, relates to the character of the claim set up by a defendant. It is a plea which he alone may plead in the first instance, and is a matter to be opposed to a claim brought against him. *Code of Practice, article* 363, 366, 368, 369. 5 *Martin, N. S.,* 126. 7 *Ibid.* 517.

4. The defendant is not required to exhibit his plea until the plaintiff has established his claim. The claim of the latter, whether he be the original creditor or his transferee, when liquidated, is that moment extinguished by the liquidated claim of the defendant.

5. The authority relied on by the court, is precisely in point to support the principle invoked for the garnishees. It speaks of the claim *opposed* in compensation, not the claim against which it is opposed  7 *Toullier*, 369, 370.

6. In the present case, both claims were liquidated; the defendants or garnishees by notes, and the plaintiffs by an account of sales rendered. This account of sales must have been rendered to Cole & Co., the defendants, and approved by them; it was, at least, susceptible of being proved, and then it was far more liquidated than many accounts and claims which this court has admitted in compensation.  7 *Toullier*, 445.  6 *Martin, N. S.*, 612. 1 *Louisiana Reports*, 303.  4 *Ibid.*, 319.

7. But it is argued that the garnishees cannot set up a claim due *to them* as universal legatees, in compensation of a debt due *by them*, individually.  Why not ?  Is not a debt due to them as universal legatees, a debt due to them individually ?

*Hennen*, for the plaintiff, in reply.

1. Compensation can only take place by operation of law, when both debts are equally liquidated and demandable. *Louisiana Code*, 2205.

2. But here, the debt attempted to be set up in compensation by the garnishees, is not a debt due to their commercial firm, but a sum due them individually, as legatees ; whilst the sum attached by the plaintiffs, is due by the garnishees, as a commercial firm, to the defendants.  Compensation does not take place in such cases.  7 *Toullier*, 453, *No.* 378. 8 *Martin, N. S.*, 164.  2 *Louisiana Reports*, 84, 326.

*Mathews, J.*, delivered the opinion of the court.

This case is before the court on a re-hearing.  In our former judgment, we affirmed that of the court below, which

EASTERN DIST.
*April, 1835.*

BLANCHARD
*vs.*
COLE ET AL.

*A debt due to persons individually as legatees, cannot be offered in compensation of a demand due by them, in their social capacity as a commercial firm.*

*Compensation does not take place by operation of law, between mutual claims, when one of them is unliquidated.*

*Garnishees cannot plead a demand against the defendant, in compensation, by way of exception, to the right of the plaintiffs to recover.*

was against the appellants. Our decision was adverse to the pretensions of the garnishees, who undertook to show a want of indebtedness to the defendants in the attachment, by alleging compensation. If indebted to Cole & Co., they owed in their social capacity, as members of a commercial firm. The debt offered in compensation, appears to be due to them, as legatees of a deceased relation, which they could only claim individually. In our judgment heretofore pronounced, we assumed as a principle, that compensation did not take place by mere operation of law, between the mutual claims of the defendants and the garnishees, those of the former being unliquidated; and that the latter could not, in consequence of their situation, in the present case, plead it as an exception to the right of the plaintiffs, to recover.

The arguments on the re-hearing have not produced a conviction on our minds, that we erred in the assumption of principles, or the consequent conclusions. These arguments have, however, convinced us, that the debt claimed by the garnishees, is not a subject of compensation, or set off, against that due by them to the defendants, they being indebted to the latter, in their social capacity, while their claim of credits must be considered as appertaining to each of them separately and individually. See 7 *Toullier*, *No.* 378. The doctrine here taught by Toullier is not opposed to the principles of our legislation.

It is, therefore, ordered, adjudged and decreed, that our former judgment remain undisturbed.