BALDWIN *vs.* WOOD ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Payments made by the proprietor to the undertaker, in anticipation, are considered in regard to furnishers of materials, as if not made; and he can exercise his privilege against the proprietor, by claiming it before the *time* of payment stipulated, arrives.

But the material man must show that the proprietor has made anticipated payments, or paid before the debt is due, before he can exercise or be entitled to his privilege.

This is an action on a promissory note of one thousand dollars, due for bricks, furnished by the plaintiff to the defendant, for the use and construction of a dwelling house, which the latter undertook by written contract to build for J. L. Florance. The note is signed by the defendant, and was protested the 24th June, 1834, for non-payment. The plaintiff prays judgment against Wood, for the amount of the note, and that Florance be made a party, and any money in his hands coming to the defendant, as undertaker for building his brick house, be seized to satisfy his judgment.

*Wood* answered, and averred no amicable demand was ever made, and that the consideration of the note was insufficient.

*Florance* denied that he owed Wood any thing, but on the contrary, Wood was indebted in a considerable amount. He prays to be dismissed with his costs.

The cause was tried before the court on these pleadings and issues.

The petition was filed, and the seizure of any amount that might be in Florance's hands and due to the defendant, made the 28th June, 1834.

One witness was called who testified as to the validity of the plaintiff's demand; and that he viewed the building a short time after this suit commenced, which was in progress, but not covered in. He stated nothing concerning the payments.

The district judge summed up the case, and decided as follows:

" According to this statement, which comes from Florance, it appears, that on the 28th June, 1834, when the seizure was made in his hands, he had actually paid five thousand and eight dollars and eighty cents, and had endorsed for Wood for materials, the further sum of ten hundred and fifty dollars, besides the sum of four thousand dollars, said to be paid when the contract was entered into.

"Florance confines his proofs of payments to the above period.

"This case presents several new questions for solution, which I do not consider to have been touched upon before.

"The law was materially changed by the new code, which introduced the doctrine of anticipated payments.

"It is already sufficiently complicated, and it appears to me that any attempt to investigate the reasons of the law, to refine upon equities, will lead the courts into a labyrinth of difficulties.

"The considerations on each side are equal on the part of the furnisher of materials, it will be contended that all payments after the service of his seizure, are subject to his privilege ; that the construction of a house is not divided only into labor and materials, but there is supposed to be a profit for the undertaker, which ought to be responsible to the workmen and furnishers of materials; that the instalments do not come up to the exact value of the labor and materials done at the moment they are fixed to be paid.

"On the part of the owner of the house, it will be said, that if the undertaker misapplies the instalments and payments made according to the contract, it must not be to his injury ; that future instalments and payments are for the remaining work and materials, and are to pay for that future work and materials ; that he cannot be called upon to pay them unless the work be done ; and the workmen who do that work, and the furnishers who furnish those materials, are not to be cut out by previous workmen, and previous furnishers.

"This reasoning is strengthened by article 2741, which establishes, that it is only the money due to the *undertaker at the time the action is commenced,* which can be seized by workmen *au moment on leur action est intentèè.*

"The counsel of Baldwin, suggests, that these precise words are not used in 2744, which are used in 2741, which, he says, applies only to workmen, not furnishers of materials.

"In my opinion the articles are to be taken together, and that even in article 2744, it is only the *monies due,* viz : at time of seizure, which can be seized.

" I am also of opinion that an anticipated payment, means anticipated in relation to the time of seizure, *viz :* if the payment be due the first of May, but it has been paid by the owner of the house on the first of April, and the seizure is not made till the first of June. There is no such anticipation as to give the seizing creditor any right, for as to him the payment was due and payable before his seizure.

" It will be seen that the subject is not without difficulties; the danger is, that by refining too much upon the law they will be increased so as to be very embarrassing.

" I, therefore, lay down these principles as applicable to the subject.

" 1st. That it is only the money due by the owner of the building to the undertaker, at the time the action is commenced, which can be the subject of seizure, and not future payments or instalments.

" 2d. That if the money paid to the undertaker, was due to him before the action was commenced there is no anticipation as regards the seizing creditor, although the owner paid the undertaker before, by the contract the instalment was due.

" Applying these principles to the case before me, I do not find that there was any thing due from Florance to Wood, at the time the action was commenced ; nor do I find that in relation to the time the action was commenced, that there was any payment in anticipation of any money due on the contract by Florance to Wood.

" With regard to Wood, the debt is not contested."

Judgment was rendered dismissing Florance, and against Wood. The plaintiff appealed.

*Strawbridge,* for the plaintiff, contended, that the payments made by Florance were, many of them, in anticipation, and before the time stipulated in the contract.

2. Payments made by the proprietor to the undertaker, are the same as if not made at all, so far as regards the claim and privilege of the material man. The amount of

his debt is liable to seizure in Florance's hands. *Louisiana Code, article* 2744, 2745.

*Josephs,* for the defendant, insisted : 1st. That Baldwin, the plaintiff in this case, (a furnisher of materials,) has no direct action against the defendant, Florance, (the proprietor of the building,) the materials were purchased by Wood, (the undertaker of the building,) and at the period of the seizure there were no moneys in the hands of Florance, due or unpaid upon his contract with said Wood. *Louisiana Code,* 2741, 2744. 9 *Duranton,* 291.

2d. There was no payment in anticipation of the claims of plaintiff. It is in evidence, that all the payments up to the date of the seizure, were made in accordance with the terms of the contract with the undertaker, for the *full amount due at that period.* The plaintiff derives his rights from that contract alone, and is, consequently, subjected to its stipulations. 7 *Toullier,* 81, 82, etc. 6 *Martin, N. S.,* 171.

3d. The seizure could only operate upon a balance actually due, and is not anticipative in its effect, consequently the *over payments* at that period could not properly be inquired into. They are shown, however, to have been made to furnishers of materials, whose rights are equal with those of plaintiff. 6 *Martin, N. S.,* 172.

*Carleton, J.,* delivered the opinion of the court.

The defendant, A. T. Wood, contracted on the 27th January, 1834, to furnish materials and build a house for Jacob L. Florance, at the corner of Lafayette square and Camp-street, for the price of sixteen thousand four hundred and ten dollars, of which four thousand dollars were then paid, and the balance stipulated to be paid at various stages of the work, as it progressed to completion.

The plaintiff sold to Wood a quantity of bricks, to be used in the construction of the house, and gave his promissory note for the price, which being protested for non-payment, forms the basis of the action. On the 28th of June, of the same year, the plaintiff caused to be seized in the hands of

58

EASTERN DIST. Florance, the money then remaining due the undertaker
Jan. 1838. on the above contract, agreeably to the provisions of the
Louisiana Code, articles 2741 and 2744.

BALDWIN
vs.
WOOD ET AL.

At the trial of the cause, the court gave judgment against
the defendant, Wood, for the sum claimed in the petition,
and decreed in favor of Florance.

It appears from the statement furnished by Florance, and
admitted to be correct, that in addition to the money paid at
the date of the contract, he had paid the further sum of five
thousand and five dollars and eighty cents, before the seizure
in his hands, and that on the 12th August, he paid one
thousand and fifty dollars to the Louisiana bank, the amount
of a note given on the 9th of April, by Wood to J. R. Jones,
and endorsed by him, Florance, for materials incorporated in
the house, making the entire sum of ten thousand and fifty
dollars and eighty cents, which Florance had actually paid,

Payments made and become responsible to pay by his endorsement, prior to
by the proprie-the 28th of June.
tor to the under-
taker in antici-     Furnishers of materials have, no doubt, a right to seize
pation, are
considered, in moneys that are due the undertaker at the time of the service
regard to fur-of process, and to this the plaintiff very properly limited his
nishers of mate-
rials, as if not demand in the prayer of his petition. *Louisiana Code, articles*
made, and he 2741, 2744.
can exercise his
privilege against
the proprietor,     But his counsel contends, that payments made by the
by claiming it proprietor in anticipation to the undertaker, are considered in
before the *time*
of payment sti-regard to furnishers as not made, and do not prevent them
pulated arrives. from exercising the right of seizure, and cites Louisiana
But the mate-
rial man must Code, article 2745.
show that the
proprietor has     By anticipated payments, we think, are plainly meant those
made anticipa-that are made before the debt is due. If the plaintiff had
ted payments or
paid before the shown that any such had been made, they would have been
debt is due, be-
fore he can nevertheless, liable to seizure. But this, it appears to us, he
exercise or be has wholly failed to do. Only one witness was examined at
entitled to his
privilege. the trial of the cause, whose testimony does not enable us to
say that Florance made any payments by anticipation.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.