EASTERN DIST.
*March*, 1840.

DUNCAN'S
SYNDICS
*vs.*
DUNCAN'S
HEIRS.

---

### DUNCAN'S SYNDICS *vs.* DUNCAN'S HEIRS.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF
EAST BATON ROUGE.

Compensation cannot take place between debts which a party owes an estate, under administration, and those which it owes him. He still retains his interest to make opposition as a creditor, although it may turn out ultimately that he is a debtor for a balance due the estate.

The syndics of the creditors of the estate of Wm. Duncan, deceased, filed their tableau of distribution, in which they placed the heirs of A. L. Duncan as debtors for the amount of two judgments, and interest, amounting to seven thousand one hundred and twenty-seven dollars and thirty-one cents, while they are credited by a judgment against the estate and

interest thereon, amounting to three thousand eight hundred and fourteen dollars and eighty-seven cents.

EASTERN DIST.
*March*, 1840.

DUNCAN'S
SYNDICS
*vs.*
DUNCAN'S
HEIRS.

The defendants, heirs and legal representatives of Abner L. Duncan, deceased, opposed the tableau of distribution on various grounds; and especially that they ought to be placed thereon as creditors for ten thousand dollars. They further oppose the allowance of claims to various other creditors as injurious to them, and deny that the estate of Wm. Duncan is in any manner indebted for these claims. For these and other reasons, they pray that the tableau and petition for its homologation be rejected and dismissed.

There was an agreement between the parties, that the heirs of A. L. Duncan should not be compelled to pay until it should be ascertained, upon a final judgment homologating the tableau, what amount is due them from the estate of Wm. Duncan.

From the mass of evidence which was produced, the judge of probates was still of opinion, the opponents failed to prove the matters set up in their opposition, and especially against the claims of the other creditors objected to. There was judgment, dismissing the oppositions, and the opponents appealed.

This court affirmed the judgment below, because it appeared the appellants stand on the tableau as debtors in a much larger sum than they are credited with; so that they are debtors for a balance, and without interest to contest the claims of the creditors.

A re-hearing was prayed for, and obtained, on the ground that the claim or debts for and against the appellants, placed on the tableau, could not be compensated and opposed so as to extinguish each other.

*Brunet*, for the plaintiff and appellees, contended that the tableau was properly homologated ; that the judgment debts against the appellants were final, and formed *res judicata* between all the parties, and could not be changed; that there was no evidence to sustain any part of the opposition, and it could be viewed in no other light than an effort,

EASTERN DIST.
*March*, 1840.

DUNCAN'S
SYNDICS
*vs.*
DUNCAN'S
HEIRS.

continued through some sixteen years, to get rid of the payment of the purchase money of property purchased at the sale of Wm. Duncan's estate.

*C. M.* and *F. D. Conrad*, for the appellants, insisted, that the claims which they opposed were unsupported by evidence, and should be rejected.

*Bullard, J.*, delivered the opinion of the court :

A re-hearing was granted in this case, on the suggestion that the court was mistaken in point of fact, in supposing that the appellants were not creditors of the insolvent. Upon looking again into the record, we find that William Duncan whose estate is administered by syndics, was indebted, at his death, to A. L. Duncan, and that the latter purchased largely at the sale of his effects. If compensation took place then, the latter would probably turn out to be debtor, instead of creditor, of the estate. But such could not be the case, and we are of opinion, that he retained all his rights as creditor, to make opposition to the tableau, notwithstanding the amount he owed to the estate as a purchaser, and notwithstanding any agreement that nothing was to be paid until the final settlement of the tableau. But we look in vain for the evidence in support of those claims to which the appellants made opposition in the court below, and justice, in our opinion, requires that the case should be remanded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be reversed, and that the case be remanded for further proceedings, according to law, the appellees paying costs of this appeal.