THOMAS C. LEWIS and another, Heirs of John S. Lewis deceased, and Robert W. Richardson, Administrator of the Succession of George W. Lewis deceased, *v.* JAMES R. MOORE.

Compensation does not take place by operation of law, between accounts due to a partnership, and those due individually by its members.

In an action by the representatives of the successions of the deceased members of a partnership, before a District Court, for the recovery of debts due to the partnership, evidence is inadmissible to prove claims set up by the defendants against the members of the firm individually. *Per Curiam:* Such claims are exclusively cognizable in the Probate Court, where the successions of the deceased are in course of administration. They cannot be allowed, *ex parte*, in a suit in which the creditors of the estates are not cited, and in which they cannot intervene.

APPEAL from the District Court of Ouachita, *Wilson*, J.

*R. W. Richardson*, for the plaintiffs.

*Garrett*, for the appellant.

MORPHY, J.   This is a claim for $330 54, brought by the heirs of John S. Lewis, and by the administrator of the estate of George W. Lewis, on two accounts due by the defendant to the late firm of J. S. & G. W. Lewis, for goods, wares and merchandise sold and delivered either to him, or to the firm of James R. & B. Moore, from February, 1836, to June, 1838. The defendant, after a general denial, set up in reconvention three accounts, running from January, 1837, to July, 1838, due to him for tavern expenses, and bread, soap, candles, &c., sold to the deceased, as follows, to-wit: $38 56, due by J. S. & G. W. Lewis; $103 10, due by G. W. Lewis; and $155 75, due by J. S. Lewis in his own name, and as a member of the firm of

Lewis & Maconchy. He avers that these accounts were examined and admitted as correct by R. W. Richardson, Esq., attorney, acting for the plaintiffs. Should it be decreed that he (defendant) is in any way indebted to the deceased, he pleads in compensation so much as may be necessary to extinguish the debt. He further avers that these accounts were left with the late J. S. Lewis, in his life time, who was acting for himself and for the succession of George W. Lewis, and that he made no objection to them, but only urged as a cause for delay, that he had some offsets which he would get ready, and that he would then make a settlement. The plaintiffs had a judgment below for $290 54, from which the defendant has appealed.

Had the claims set up by the defendant been all due to him by the firm of J. S. & G. W. Lewis, we would have had no hesitation in saying, that he had a right to show, in the District Court, that the debt claimed of him had been extinguished by compensation, before the death of the plaintiff's ancestors, to the extent of his own claims existing against them up to that time. Civil Code, art. 2204. 2 Pothier on Obligations, 596. 4 Mart. N. S. 105. 5 Ib. N. S. 135. But no compensation took place, by operation of law, between the accounts due to the partnership, and those due individually by its members. 2 La. 84, 326. 11 La. 453. 7 La. 340. 8 La. 162. The inferior judge, then, correctly allowed the deduction of $38 56, for the account due to the defendant by the firm of J. S. & G. W. Lewis, and properly refused to hear the testimony offered to prove the account set up against the members of the firm individually. These claims are exclusively cognizable in the Court of Probates, where the two estates are in course of administration. The District Court was without jurisdiction, and could not allow them, *ex parte,* in a suit in which the creditors of such estates are not cited, and cannot intervene. 2 Mart. N. S. 439. 14 La. 556.

*Judgment affirmed.*