# Thomas Theel, Plff. in Err., *v.* Commonwealth of Pennsylvania.

In an indictment under the act of March 16, 1870, making it a misdemeanor "to print or publish advertisements of medicines, drugs, nostrums, or apparatus for the cure of secret or venereal diseases," if the defendant admits the publication of the pamphlet in question, the court may refuse to instruct the jury that they are judges of the law and the facts and give binding instructions to find a verdict of guilty.

(Argued January 5, 1888. Decided January 23, 1888.)

January Term, 1887, No. 324, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Quarter Sessions of Philadelphia County to review a judgment and sentence upon a verdict of guilty. Affirmed.

The facts, very briefly stated, are that Thomas Theel, M. D., was indicted for a violation of the act of March 16, 1870, § 1 (P. L. 40) Purd. *Crimes,* par. 76, making it a misdemeanor "to print or publish advertisements of medicines, drugs, nostrums, or apparatus for the cure of secret or venereal diseases."

At the trial the commonwealth proved the printing, publication, and distribution of a certain pamphlet containing various advertisements of medicines for the cure of venereal diseases, in plain, direct, and unambiguous language, such as was set forth in the indictment.

The defendant below, by his counsel, admitted that he had printed, published, and distributed the pamphlet in question, and offered no evidence at all.

The defendant's counsel, however, claimed the right to address the jury, on the sole ground that the jury were entitled to judge whether the admitted language of the advertisement was lawful

NOTE.—The binding instruction to convict in this case is in line with the dissenting opinion in Com. v. McManus, 143 Pa. 64, 14 L. R. A. 89, 21 Atl. 1018, 22 Atl. 761; Com. v. Murphy, 8 Pa. Co. Ct. 399, and Com. v. Costello, 1 Pa. Dist. R. 745. In Powell v. Com. 114 Pa. 265, 60 Am. Rep. 350, 7 Atl. 913, the lower court so directed, but the question was not raised in the appellate court. The contrary has been held in Kane v. Com. 89 Pa. 522, 33 Am. Rep. 787; Com. v. Paschall, 8 Lanc. L. Rev. 37; and in Com. v. Moore, 2 Chester Co. Rep. 358. In Com. v. Greybill, 17 Pa. Super. Ct. 514, and in Com. v. Duff, 7 Pa. Super. Ct. 415, the question was raised, but not decided.

or unlawful, and asked the court to charge the jury that they were the judges of the law and the facts.

This the learned judge refused, saying to the jury that as the defendant admitted the facts shown by the commonwealth, they should find them guilty; whereupon a verdict of guilty was rendered. Subsequently, judgment and sentence was entered on this verdict.

Defendant then took the writ, assigning for error, the action of the court.

*John F. Keator,* for plaintiff in error.—The question at issue was whether in the minds of the jury the publication was in violation of the act.

It is the province of the jury in criminal cases to determine the law as well as the facts. Pa. Const. Art. 1, §7; Pittock v. O'Niell, 63 Pa. 253, 3 Am. Rep. 544; Kane v. Com. 89 Pa. 522, 33 Am. Rep. 787; Hutchison v. Com. 82 Pa. 478; State v. Croteau, 23 Vt. 14, 54 Am. Dec. 90; United States v. Wilson, Baldw. 79, Fed. Cas. No. 16, 730.

*George S. Graham,* Dist. Atty., for the commonwealth, defendant in error.—The principal errors complained of are:

First; because the court below refused to charge the jury that they were the judges of the law and the facts.

While it is undoubtedly true that the rule is different in criminal from what it is in civil cases, it can no longer be stated as a bald, unqualified proposition.

Kane v. Com. 89 Pa. 522, 33 Am. Rep. 787, cited by plaintiff in error, if standing alone might go far to strengthen his contention. But this was followed by Nicholson v. Com. 96 Pa. 503, in which the position taken in the Kane Case was considerably modified.

In the Nicholson Case the defendant offered an actual defense. The court below, in the charge, said: "The only safe course for you to pursue, so far as the law regarding offenses which you may have given you in charge, is to receive your instructions from the court, for the reason you are not supposed to be learned in the law." The defendant was thereupon found guilty, and the judgment was affirmed in this court.

The instruction in the case at bar was not a binding one, in the legal sense. There was no defense. The admitted facts

legally established a misdemeanor, and the learned judge was entitled to say as much to the jury.

Second; the other error complained of was that the jury were the sole judges of the legal effect of the admitted publication, and should therefore have been allowed to pass upon it.

This is not a case of libel. Therefore, the plaintiff in error's argument and citations do not apply. It is an ordinary case of an admitted writing, in which the question of law and of legal effect is deducible from the written instrument itself. Heath v. Page, 48 Pa. 130.

Where the meaning of a paper cannot be ascertained without reference to extrinsic facts which are doubtful or disputed, it must be referred to the jury; but where such facts are undisputed, the construction of the writing is for the court. Edelman v. Yeakel, 27 Pa. 26.

PER CURIAM:

The judgment of the Quarter Sessions is affirmed; and it is ordered that the record be remitted to that court for the purposes of execution.