## William M. Bowen, Appellant, v. Angeline Haupt.

*Trusts and trustees—Resulting trust—Evidence—Equity.*

The evidence to establish a resulting trust must be clear, precise, convincing and satisfactory, not only to the jury, but also to the court as a chancellor sitting and reviewing the testimony; and, if the evidence fails to satisfy the mind and conscience of the court, it must be withdrawn from the jury.

In an action of ejectment to enforce a resulting trust the trial judge acts as a chancellor as to the question of the existence of the alleged resulting trust; and if, in his judgment, the evidence is insufficient to sustain a verdict, it is his duty to withhold it.

In an action of ejectment to establish a resulting trust where the plaintiff alleges that the defendant bought the property at an assignee's sale for his benefit, and that he paid the purchase money, but the written evidence in the case tends strongly to show that the purchase money was paid by the defendant, the court commits no error in giving binding instructions for the defendant.

Argued May 22, 1899. Appeal, No. 102, Jan. T., 1899, by plaintiff, from judgment of C. P. Northumberland Co., Sept. T., 1898, No. 228, on verdict for defendant. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for a lot of land in Sunbury. Before SAVIDGE, P. J.

The facts appear by the charge of the court which was as follows:

Prior to 1887, John Bowen was the owner of the title to the property in dispute and, on January 5, 1887, John Bowen and wife conveyed the same property to John Haas, by deed of assignment for the benefit of creditors. Some time in February, 1878, the assignee sold this property at public sale. William H. Bowen, the plaintiff in this case, was at the sale and became a bidder, and the property was struck down to him for the sum of $605. The testimony of the plaintiff is that he paid the ten per cent down shortly thereafter, to wit: $60.50, at the office of Mr. Greenough, who was the attorney for the assignee. His object in buying this property, as the plaintiff claims, was to provide a home for his father and mother; that is, he desired to have the title made to his mother, but at the suggestion of Mr. Greenough that that would not be a proper and safe thing to do, it was agreed that the title should be made to Mrs. Angeline Haupt, the defendant in this action, she agreeing that she would deed it back to him at any time he might call upon her to do so. The title to this property was made to Mrs. Angeline Haupt. The father and mother lived upon the property for a number of years, as I understand from the evidence in the case ; whether they did or not, the rents of the tenants who lived upon the property were mostly paid over to the father or mother, principally to the mother ; in one or two instances, according to the testimony, it was paid to Dr. Haupt, the husband of Angeline Haupt, and in one or two instances it was paid to some other person, Miss Barnhart. The contention of the plaintiff is that he paid the purchase money, not only $60.50, but the balance of the purchase money, and under the arrangement there was a trust resulting in his favor by reason of his payment of the purchase money; or, in other words, while this legal title was and is held by Mrs. Haupt, that she holds it for his benefit and use; that equitably the property belongs to him and that she is but a trustee of the title for him under the circumstances.

Where a party in possession holds a legal title to lands by a solemn deed, such as Mrs. Haupt holds in this case, the evidence to establish a resulting trust such as is claimed by the plaintiff in this case must be clear, express and convincing. It requires the highest order of evidence to move a court and jury to uproot the title of the party holding the deed in regular form,

duly executed and having all the proper insignia of title. There is evidence, that of Mr. Bowen, that he did pay this $60.50, which is denied on the other side. There was a balance of $544, or ninety per cent of the purchase money, to be paid. [We think that the evidence does not clearly show that William H. Bowen paid this $544. On the other hand, the written evidence on the other side, the receipt of John Haas, the assignee of John Bowen, shows that Mrs. Haupt, instead of William H. Bowen, paid this money. The burden was upon William H. Bowen to show expressly and clearly by convincing testimony that he had paid the purchase money, not only a small portion of it, ten per cent of it, but the entire purchase money for this property. Failing to do that, he has failed to make out such a case as the law requires to establish a title resulting from the payment of the purchase money. Not only, as I said a moment ago, has he failed to show in such a manner as I have indicated that he did pay such purchase money but the evidence in the case, the receipt of the assignee, shows on the contrary that Mrs. Haupt did pay it.] [4]

It may be that the facts in the case are not as they appear as the result of this trial; if they are not it cannot be helped; we have to take them as they are here. It may be that I am mistaken in the conclusions that I have reached; it may be this case ought to go to the jury; if that is so the Supreme Court will set me right and send it back and direct me to send it to the jury. But as I view the matter now, it is my duty to instruct you that you must find your verdict in favor of the defendant and it can be looked into on motion for a new trial, if one is made, and if I am wrong it will either in one way or the other be corrected. Of course, in saying to you that your verdict must be for the defendant, [I affirm the defendant's first point and the other points have been withdrawn.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (2, 4) above instructions, quoting them.

*S. B. Boyer,* for appellant, cited Act of April 22, 1856, P. L. 532; Seichrist's App., 66 Pa. 237; McBarron v. Glass, 30 Pa. 133; Clark v. Trindle, 52 Pa. 492; Kutz's App., 40 Pa. 90; Beringer v. Lutz, 188 Pa. 364; Schweyer v. Walbert, 190 Pa. 334.

*George B. Reimensyder*, for appellee, was not heard, but cited in his printed brief: Barnet v. Dougherty, 32 Pa. 371; Freiberg v. Stoddard, 161 Pa. 259; Kistler's App., 73 Pa. 393; Hayes's App., 123 Pa. 133; Hoover v. Hoover, 129 Pa. 203; Gilchrist v. Brown, 165 Pa. 275; English's App., 119 Pa. 534; Lomison v. Faust, 145 Pa. 8; Phillips v. Meily, 106 Pa. 536.

PER CURIAM, July 19, 1899:

Our consideration of the evidence on which the plaintiff relied in the court below has satisfied us that there was no error in refusing his point recited in the first specification and in affirming defendant's point recited in the second specification, and thereby instructing the jury, in the language of the latter, that " under all the evidence in the case the verdict of the jury must be for the defendant." The burden of establishing the resulting trust under which he claimed was necessarily assumed by the plaintiff, but the evidence relied on is far below the standard of proof always required in such cases; and hence the learned trial judge rightly refused to submit the case to the jury, and correctly instructed them as requested by the defendant, and also as recited in the fourth specification. In so doing he is abundantly sustained by numerous authorities, among which are Barnet v. Dougherty, 32 Pa. 371, Kistler's Appeal, 73 Pa. 393, Hayes's Appeal, 123 Pa. 133, Hoover v. Hoover, 129 Pa. 203, Gilchrist v. Brown, 165 Pa. 275,. and Olinger v. Shultz, 183 Pa. 469. In the last cited case it was held that " the evidence to establish a resulting trust must be clear, precise, convincing and satisfactory, not only to the jury, but also to the court as a chancellor sitting and reviewing the testimony; and, if the evidence fails to satisfy the mind and conscience of the court, it must be withdrawn from the jury." In an action of ejectment to enforce a resulting trust, the trial judge acts as a chancellor as to the question of the existence of the alleged resulting trust; and if in his judgment the evidence is insufficient to sustain a verdict it is his duty to withhold it: Gilchrist v. Brown, supra.

There is nothing in this case that requires discussion. Neither of the specifications of error is sustained.

The judgment entered on the verdict directed by the court below is affirmed.