## Clymer's Estate.

*Evidence—Execution of judgment note—Decedent's estates.*

The appellate court will not reverse a finding of the orphans' court that a judgment note was not executed by a decedent, where the claimant produces only one witness who is able to testify that the signature was in the decedent's handwriting, while on the other hand four witnesses, all of whom were familiar with decedent's signature, testified that the signature on the note was not in her handwriting, and the auditing judge after comparing the signature on the note with a number of admittedly genuine ·signatures, states that he was satisfied that the signature on the note had not been written by decedent.

Argued March 3, 1902. Appeal, No. 155, Jan. T., 1901, by Margaret Wunder, from decree of O. C. Berks Co., April T., 1899, No. 31, overruling exceptions to adjudication in Estate of Anna E. Clymer, Deceased. Before McCOLLUM, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

At the audit Margaret Wunder, a sister of the decedent, presented a claim upon a judgment note for $7,500, purporting to have been signed by the decedent. Monroe S. Eby, Esq., testified that the signature on the note was the signature of decedent.

To prove that the signature of the note was not in the handwriting of the decedent, the administrator called Edward Zeigler, Gertrude Zeigler, Bessie M. Zeigler and Harry M. Deem, all of whom testified that they were familiar with the signature of the decedent, and that in their opinions, respectively, the signature of the note in dispute was not in the handwriting of the decedent. The administrator produced, and introduced in evidence, twelve admittedly genuine signatures of the decedent, for the purpose of comparison with the disputed signature.

The auditing judge found as a fact that the signature on the note was not that of decedent, and accordingly rejected the claim.

On exceptions to the adjudication, BLAND, J., filed an opinion which was in part as follows:

The third exception complains that the court erred in hold-

ing, as matter of law, that the burden was on the claimant to show that the decedent either signed the note or authorized somebody to sign it for her. If I understand the proposition contained in the exception, it is this: that the court erred in putting upon the claimant the burden of proving her case. Certainly there was no presumption, either of law or fact, that the decedent executed the note or authorized some one to do it for her; and unless there was such a presumption, it was incumbent upon the claimant to establish a prima facie case by proof of execution of the note; and this duty she properly took upon herself by an attempt to prove that the signature of the note was in the handwriting of the decedent.

She produced one witness who was able to testify that the signature was in the decedent's handwriting. On the other hand four witnesses, all of whom were familiar with decedent's signature, testified that the signature on the note was not in her handwriting; and they produced a dozen of her admittedly genuine signatures for comparison. A careful study of the signature on the note and comparison of it with the genuine signatures, satisfied me that it had not been written by the decedent, and I so decided. In so deciding, the court simply found that the prima facie case of the claimant had been overcome by the direct and positive contradiction of four witnesses, and by a comparison of the signature in dispute with a dozen confessedly genuine signatures of the decedent; and which comparison, in the opinion of the court, demonstrated the inability of the decedent to have written the signature in dispute. Now, in this, there was no burden put upon the claimant but that of proving her case.

*Error assigned* was in dismissing exceptions to adjudication.

*John H. Rothermel,* of *Rothermel Bros.,* for appellant.

*C. H. Ruhl* and *Horace A. Yundt,* for appellee, were not heard.

PER CURIAM, May 19, 1902:

The decree in this case is affirmed on the opinion of Judge BLAND.