LAND, J.
This suit is petitory in its nature, coupled with an injunction against alleged trespass. Defendant answered, claiming adverse title and possession. There was judgment in favor of the defendant, dissolving the injunction with damages, and dismissing the suit with costs. Plaintiff has appealed.
Plaintiff alleged that he was the owner and entitled to the possession of the following described lands, to wit:
“Lots, 1, 2, 3, and 4 of fractional section 17, lots, 1 and 2 being in the N. % of said fractional section 17, and lots 3 and 4 being the S. % of fractional section 17, all in township 7 S., range 11 E.”
*89 Defendant in Ms answer denied that plaintiff was the owner of said four lots, and averred that he owned only a part thereof, containing 91.58 acres, and that the respondent was the owner of the remainder of said lots containing 67.65 acres, and also of lot 5 of said section 17, containing 30.42 acres.
According to the United States map and surveys, fractional section 17 was divided into 5 lots, designated 1, 2, 3, 4, and 5, aggregating 189.76 acres. In 1890 James Demoruelle, the common author, sold said five lots, with other lands, to Miss A. Doubrere. The five lots were stated to contain 181.76 acres. In the same year, Miss Doubrere sold to A. E. Leclerq a tract of land described as follows:
“Part of the south fractional half designated as lots three and four of section seventeen, and part of the north fractional half designated as lots Nos. one and two of section seventeen. The above containing, more or less, ninety-one /ioo acres.”
This tract passed, by the same description through a number of mesne conveyances, to the Catholic Society of Literary and Religious Education, which, in 1908, sold to the plaintiff under the following description:
“Lots one, two, three and four of fractional ■section 17, lots one and two being in the north y2 of said fractional section 17, and lots three and four being in the south % of fractional sectional section 17. * * * Being the same property acquired by present vendor by purchase from John H. Wilbording.”
A comparison will show that in the deed to plaintiff the description by which his vendor acquired the Leclerq property was changed in several respects, more especially by omitting the ■word “part” and the acreage of the track. As will be shown later, plaintiff’s vendor had acquired a part of lot 1 by another title. According to the government plat, lots 1 and 2 comprised the N. y2 of fractional section 17, and lots 3, 4, and 5 comprised the S. % of the same section. Therefore, lots 1 and 2 represent the N. y2, ■and lots 3, 4, and 5 represent the S. y2, of section 17 In the deed from Demoruelle to Doubrere, already mentioned, the south fractional y2 is designated as lots 3, 4, and 5, and the north fractional y2 is designated as lots 1 and 2.
In the deed to Leclerq, the word “part” is used as to both halves, but in the first clause the S. y2 is incorrectly designated as lots 3 and 4. In the second clause the N. y2 is properly designated as lots 1 and 2 of section 17. Hence the word “part” was used to indicate that only portions of the two halves were intended to be conveyed. Leclerq purchased the tract as containing 91.58 acres, more or less. The four lots mentioned in the deed comprise 159.34 acres. An error of 67.66 acres in the estimate of such a small tract of land was hardly possible. Neither Leclerq nor his assigns ever possessed or claimed title to all of lots 1, 2, 3, and 4, and, as a matter of fact, the defendant and his authors have remained in continuous possession of parts of lots 2, 3, and 4.
Leclerq took possession of parts of lots 1, 2, 3, and 4; and in 1891 sold to O. E. Sarazin, who had the tract surveyed. The plat shows that Sarazin claimed only parts of said four lots.
In 1899 Mrs. Leblanc, the mother of the defendant, sold to one Pollock a tract of 15 acres, more or less, in lot 1, immediately north of the property of Sarazin, which was called for as the southern boundary. In 1902 Pollock sold the tract by the same description to the Catholic Society of Religious and Literary Education, which sold lot 1 to the plaintiff in 1908. Hence plaintiff derives his title to said 15-acre tract in lot 1 by mesne conveyance from Mrs. Leblanc, the mother of the defendant, and by a description which expressly recognizes the Sarazin survey. All of these facts concur to fortify the conclusion that, as indicated by the words of the deed, to Leclerq, his intention was to purchase parts of lots 1, 2, 3, and 4 *91 of section 17, aggregating about 91 acres. The parties and their assigns have so construed the deed for many years, and the plaintiff cannot assert the contrary without disputing the recitals of one of the titles of his own vendor'.
Judgment affirmed.