————o————

## No. 6404.

## JOS. CHRISTINA, ET AL., vs. WID. JOS. A. GAUTREAUX.

### Syllabus.

"If any one sells or alienates a piece of land from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title."

When lands are sold in accordance with a plan it controls the description contained in the act.

Any ambiguity in act of sale must be construed against the vendor.

Parties acquiring rights to immovables are affected only by the titles such as they are registered.

Appeal from the 28th Judicial District Court, for the Parish of Jefferson. Honorable P. E. Edrington, Judge.

E. A. O'Sullivan, for plaintiff and appellant.

A. E. Billings, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as folllows:

This is a petitory action. Defendant has made a motion to dismiss this appeal on the ground that the matter in dispute exceeds the limit of our jurisdiction. Plaintiff alleges that the property is worth $1,500. Defendant answers that it is worth $2,250. But in her estimate she includes the value of improvements put up by herself. These are the subject of a reconventional demand which cannot affect the value of the land claimed by the plaintiffs as their property. We therefore conclude that the motion must be denied.

## On The Merits.

The facts of the case are as follows:

By act dated June 28th, 1895, the Oakland Land Company sold to Joseph A. Gautreaux a tract of land in the City of Kenner "having a front on the North side of Kenner Avenue of 576 feet, etc. * * * said tract of land is bounded on the upper side by lands belonging to Michel A. Ferrentelli, whose line corresponds to the Western line of Halliday Street as projected on said plan; said tract is bounded on the lower side by land belonging to Victor Cantrelli * * * said square and streets herein referred to being those projected upon a plan of the late Town of Kenner by Wm. F. Thompson, Surveyor, dated March 2nd, 1855, deposited in the office of H. B. Cenas, then a notary in New Orleans, said tract containing 40 arpents more or less."

The Western side of Halliday Street is the upper side thereof.

By an act dated May 11th, 1903, Gautreaux sold the same tract of land to Alexander and Paul Felix.

By an act dated July 1st, 1904, Alexander and Paul Felix reconveyed the same tract of land to the same Gautreaux.

By act dated July 9th, 1904, Gautreaux sold to Alexander and Paul Felix a tract of land "having a front on the North side of Kenner Avenue of 192 feet * * * bounded on the upper side by the Eastern line of Halliday Street as projected on said plan; on the lower side by property of said Joseph A. Gautreaux," etc.

By act dated June 21st, 1905, Gautreaux mortgaged to Alexander and Paul Felix "a tract of land having a front on the North side of Kenner Avenue of 576 feet * * * said tract of land is bounded on the upper side by lands belonging to Michel Ferrentelli, whose line corresponds to the Western line of Halliday Streeet as projected on said plan, said tract of land is bounded on the lower side by land belonging to Vito Costa (formerly to Victor Cantrelli), etc. Less the portion of said property which was sold by said Gautreaux to said Alexander and Paul Felix by act before the undersigned notary on the 9th day of July 1904," etc.

**119 La., 9.**

Under executory process, dated February 29th, 1908, issued in the suit entitled **Paul Felix vs. Mrs. J. A. Gautreaux, et al.,** the sheriff sold to Paul Felix the property described in the above act of mortgage of June, 1905.

By act of April 13th, 1908, Paul Felix sold to Joseph Christina and Nicolas Mistretta, plaintiffs herein, the same property above described.

The defendant claims to be the owner of a strip of land forming the lower part of the above tract and adjoining

the property of Cantrelli-Costa and measuring 60 feet on Kenner Avenue, by the whole depth, for having purchased the same from the Oakland Land Company by act dated May 7th, 1908.

There was judgment for defendant and plaintiff has appealed.

The width of Halliday Street to the Costa line is 576 feet. Therefore the distance from the upper side of Halliday Street to the Costa line is 60 feet plus 576 feet or 636 feet, or 60 feet more than stated in the above acts of sale. The controversy is concerning these 60 feet.

Two facts appear conspicuous by these acts and they are:

1st. That the Oakland Land Company by the act of June 28th, 1895, sold to Gautreaux all the land they owned fronting on the North side of Kenner Avenue extending from the "Western" line of Halliday Street down to Victor Cantrelli or Victor Costa, and,

2nd. That Joseph A. Gautreaux, by the two acts of July 9th, 1904, and June 21st, 1905, and by the Sheriff's sale of February 29th, 1908, to which the defendant here, Mrs. Gautreaux, was a party defendant, was dispossessed of any title to every part of the same land on North Kenner Avenue between Ferrentelli and Costa which he acquired from the Oakland Company. His mortgage covered all the land he owned between these boundaries, and the sheriff's sale divested him of all the land he had mortgaged.

**17 A., 68; 9 R., 30.**

It is absolutely certain that according to the registered titles the Oakland Land Company and Gautreaux sold a tract of land bounded above by lands of Cantrelli-Costa. The same description and boundaries are given in all the

deeds. If they had intended to sell only 576 feet from the Ferrentelli line it would have been easy to say so and to have stated that the lower line was bounded by other lands of the vendor. But it is inconceivable, in such a case, that they should have given the land of Victor Cantrelli or Costa for the lower boundary, if they intended to reserve for themselves 60 feet which would then have constituted the lower boundary. The fact that they gave Costa as the lower boundary of the land sold by them is conclusive proof that they intended to sell down to Costa and not to retain any land for themselves.

8 La., 160; 110 La., 421.

This proof is made stronger by the fact that from 1895 to 1908 it does not appear that the Oakland Land Company was assessed or that they paid any taxes thereon to any one.

Nor is it material that the tract of land sold by the Oakland Land Company and by Gautreaux contained a measurement of more than the 576 feet mentioned in the acts of sale. It was a sale **"per aversionem"** of a tract of land extending from Ferrentelli to Cantrelli-Costa, from boundary, and the measurement was overshadowed by the boundaries given. The parties had in mind rather the extent of the land than its measurement.

C. C., 854 (850):

"If any one sells or alienates a piece of land from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title and though the surplus exceed the twentieth part of the quantity mentioned in his title."

109 La., 220, 43 A., 963, 17 A., 68, 97; 2 La., 498; 5 N. S., 238, 12 M., 428.

C. C., 2495 (2471):

"There can be neither increase nor diminution of price on account of disagreement in measure, when the object is designated by the adjoining tenements and sold from boundary to boundary."

8 M., 714, 5 N. S., 241, 8 N. S., 161; 4 La., 535; 5 La., 229, 241; 13 La., 337; 2 La., 502; 3 L., 91; 7 La., 456; 19 La., 422; 6 La., 335;) 18 La., 526 (530); 2 R., 357, 461; 9 R., 30; 2 A., 808; 16 A., 114; 15 A., 76; 104 La., 624, 9 A., 100, 117; 17 A., 97, 103; 19 A., 134; 43 A., 963; 113 La., 689; 9 Ct. of App., 11.

It is shown that when Gautreaux purchased he took possession of all the lands from Ferrentelli to Costa. The construction put by the parties themselves and their possession is the best guide as to the intention of the parties and the extent of the lands sold.

C. C., 1956 (1951); 9 R., 30; 12 A., 148; 43 A., 963; 110 La., 423; 128 La., 88, 1014 (1018).

Besides, there were plans referred to in these acts of sale, and these plans designated the lands owned by Ferrentelli and Costa above and below. When lands are sold according to a plan it controls the description contained in the acts.

1 H. D., 1336; L. D., 628; 12 La., 539; 20 A., 415; 52 A., 2099; 26 A. ,40; 128 U. S., 691 (696).

If there was ambiguity in the description the act must be construed against the vendor.

C. C., 2474 (2449), 12 A., 148, 43 A., 962.

Another circumstance to indicate that the sale extended down to the Cantrelli-Costa line is the fact that there was no division fence or boundary 60 feet from that line. There is no force in the contention that plaintiffs

— 362 —

assisted defendant in building a fence on that line. It was only an error which cannot prejudice them.

21 La. An., 498, Marigny vs. Nivet, 17 A., 68, 9 R., 30.

The testimony of one of the vendors to the Oakland Land Company that there was an error in the title concerning the description and boundaries of the land sold cannot affect third parties purchasers. They are affected only by adverse titles such as they are spread upon the public records.

C. C., 2266, 129 La., 1100, 850 (856); 126 La., 118; 128 La., 33; 52 A., 52; 51 A., 118.

The defendant in this case by act dated May 7th, 1908, purchased from the Oakland Land Company a strip of ground measuring 60 feet front on the river and adjoining the upper boundary line at Mantrelli-Costa. At the time of her purchase the Oakland Land Company had nothing to sell in that direction. It had already sold all it ever owned.

The defendant when she purchased had record notice that her vendor had previously sold that tract of land. This notice had the legal effect of actual knowledge and the defendant purchased at her peril.

129 La., 872.

It is therefore ordered that the judgment of the Court below be annulled and reversed, and it is now ordered that there be judgment in favor of the plaintiffs herein, Joseph Christina and Nicola Mistretta, and against the defendant, Corine LeBlanc, widow of Joseph Adrien Gautreaux, recognizing said plaintiffs as the owners of the following described property, viz:

A certain tract of land situated in the City of Kenner, Parish of Jefferson, State of Louisiana, having a front of

sixty feet on the North side of Kenner Avenue and extending northerly towards Lake Pontchartrain 2588 feet between parallel lines to the South side of Eleventh Street as projected on a plan of the late town of Kenner, made by W. J. Thompson, Surveyor, on March 21st, 1855, deposited in the office of H. B. Cenas, late notary in New Orleans, bounded on the upper Western side by the lands lately owned by J. A. Gauthreaux and now by plaintiffs, Joseph Christina and Nicola Mistretta, and on the lower Eastern side by lands formerly owned by Victor Cantrelli and now by Vitto Costa, and in the rear by property now or lately owned by the Oakland Land Company, Limited; being the same tract purchased by the defendant herein from the Oakland Land Company, Limited, by act of H. Garland Dupre, notary for the Parish of Orleans, dated May 7th, 1908, registered Conveyance Book 27, page 380, and that said Widow Joseph A. Gautreaux do deliver possession of said tract of land to plaintiffs herein according to law.

It is further ordered that there be judgment against the plaintiffs as in case of non-suit for their claim for rents and revenues, reserving their rights, if any, to demand the same in another proceeding;

It is further ordered that the rights, if any, of the defendant to claim compensation for the buildings and improvements by her placed on said tract of land and for the taxes paid by her be reserved.

It is further ordered that defendant pay all costs in both Courts.

Opinion and decree, May 31st, 1915.

## On Application For Rehearing.

### Per Curiam.

The plaintiff's sworn petition fixes the value of the property claimed herein at $1,500; they also claim rents and revenues at $40 a year from April 30th, 1908, until they shall be put in possession of the property. These rents do not exceed at the present date $300, making the whole of the plaintiff's demand amount to $1,800.

Defendant alleges in her sworn answer that the property is worth $1,500 and $750 more.

There is no testimony whatever concerning the value of the property or of the improvements thereon.

But it does appear by the act of sale that Felix sold to Joseph and Nicola Mistretta the original tract of 576 feet front from Ferrentelli to Vitto Costa for the price of $4,300, on April 13th, 1908. The plaintiffs in this case claim only 60 feet front of said 576 feet. The proportionate value of these 60 feet would be only $447.90; the defendant has alleged and testified that she put improvements upon said 60 feet, but has failed to testify as to the value or cost of the land or of the improvements. The tax receipts introduced by her in evidence show that the property is assessed $100. She has thus failed to show that the property claimed by her is worth more than $2000 or as much as she alleges.

We are, therefore, satisfied that our refusal to dismiss the appeal on the ground of want of jurisdiction was correct.

The rehearing is therefore refused.

Opinion and decree June 30th, 1915.