BLANC vs. DUPLESSIS, F. M, C.

BLANC        APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE WATTS
vs.                           PRESIDING.
DUPLESSIS,F.M.C.

Parole evidence is admissible to prove a boundary line recognized by the
parties, in support of a plea of prescription; with this limitation, it goes
merely to prove a fact connected with the actual possession of the
party.

Where the grantee of a tract of land supposed to contain seventeen arpents,
fronting on the Mississippi, sells the lower twelve arpents to two pur-
chasers, (six arpents each,) *with certain fixed boundaries*, these will con-
trol the quantity in case of deficiency in the whole tract.

So, where a party proves actual possession to certain and fixed boundaries,
by making roads, levees, and the front fences, he will hold by prescrip-
tion, to the extent of his boundary, against an older title.

When two possessions lap, that which is most perfect, and best character-
izes the right of property, is to be preferred; that which is corporeal,
and manifested by acts peaceable and notorious, will prevail over that
which is merely intentional.

This is a petitory action, in which the plaintiff alleges that
the defendant, who is an adjoining proprietor, has encroached
on his land, and taken two arpents more than he is entitled
to, according to their respective titles.  He prays that this
land be decreed to belong to him, and that the boundary be-
tween him and the defendant, be fixed and established, etc.

The nature of the titles under which the parties claim, and
all the material facts of the case, are fully stated in the
opinion of the court.

The defendant pleaded possession, and the prescription of
ten years, under a just title, in good faith, etc., and set out
his titles.

On the trial of the case, the defendant offered to prove by
parole testimony, that Charles and Cyprien Duplessis, (the
latter is the defendant,) had fixed on a certain oak tree as a
boundary between their respective lands, and for this purpose
introduced witnesses to state what Cyprien Duplessis had
told them in relation to the subject: also, what they had

heard from other persons.  To which testimony the plaintiff objected on the grounds : *First,* That the fixing of boundaries cannot be proved by parole testimony.  *Second,* The testi- mony is inadmissible, being only hearsay of what the defend- ant himself and other persons had stated, on the subject of boundary between the land of plaintiff and defendant.

The court admitted this evidence in a qualified manner. It stated that the declarations of the defendant were not considered in evidence, but that boundaries can only be fixed under the Code, by pursuing the forms prescribed ; and a party pleading prescription, may prove by parole, a boundary line recognized by the parties, of lands within that boundary. The plaintiff took his bill of exceptions.

The district judge gave judgment adversely to the plaintiff's pretensions, but fixed the boundaries heretofore recognized by the parties, and the plaintiff appealed.

*Roselius,* for plaintiff.  Both parties claim the land in controversy, under titles derived from the same person ; as the appellants title is of an anterior date to that of the appellee, the former must take the whole extent of land conveyed to him, and the latter can only claim the residue.

2. The judge, *a quo,* erred in deciding that the appellee had acquired the quantity of land which he claims by prescription.   The action of partition cannot be prescribed against; *Louisiana Code, articles* 1227, 1228.  No separate and actual possession is shown in the appellee, to support the plea of prescription.

*Preston, contra.*

*Rost, J.,* delivered the opinion of the court.

On the 11th January, 1810, the grantee of a tract of land supposed to contain seventeen arpents front, on the Mississippi river, sold the lower twelve arpents, to Sylvain and Charles Duplessis, in the manner stated in the following stipulation :

" *Le sieur Martin Duplessis déclare que les six arpens à partir de la borne d'un haut, en descendant, appartiennent et ont été vendu à Charles Duplessis m. l., un des acquereurs : et les six arpens à partir de la borne d'enbas en montant, appartiennent et ont été vendus à Sylvain Duplessis, m. l., autre acquereur, ce qui a été accepté par les deux acquereurs qui ont dit être satisfaits.*"

On the 16th of September, 1820, Cyprien Duplessis, the defendant, acquired the remaining five arpents.  On the 20th of August, 1828, Charles Duplessis sold his land to John Austin, and the said land having been seized under execution as the property of the said Austin, on the 23d September, 1829, the plaintiff acquired, at sheriff's sale, five arpents thereof, and the defendant purchased, at the same time, the remaining arpent.

The whole front of the original tract *is only* fourteen arpents, twenty-seven toises and three feet, instead of seventeen arpents, and the plaintiff alleges, that himself and Sylvain Duplessis being the first purchasers, are entitled to take the full quantity called for by their titles, and that the deficiency must fall on the portion held by the defendant.

The defendant answers, that he is the just owner and possessor of six arpents front, of land acquired by him as above stated, and that he, and those under whom he claims, have been in open, peaceable, and uninterrupted possession of said land, in presence of the plaintiff, and those under whom he claims, for more than ten years before the institution of this suit, and that if his title had ever been defective, which he denies, the defect is cured by prescription.  He further contends, that if there be any deficiency it must be borne by the plaintiff, and that he is entitled to one sixth of the land sold at sheriff's sale, which he prays may be adjudged to him.  There was judgment in his favor in the District Court, and the plaintiff appealed.

Our attention is first directed to a bill of exceptions taken by the plaintiff's counsel to the opinion of the court, stated to have admitted parole evidence to prove an agreement between Cyprien and Charles Duplessis, establishing a boundary between them.  The court stated that the evi-

dence was only admitted to prove a boundary line, recog-
nized by the parties, in support of the plea of prescription;
with that limitation, the testimony was clearly admissible,
it went merely to prove a fact connected with the actual
possession of the parties.

We are satisfied by the wording of the sale from Martin
Duplessis to Charles and Sylvain, that the land was sold
under fixed boundaries; the lower boundary being that of
the grant, and the upper, that from which Charles Duplessis
was first to take his quantity. The words, *Les six arpens à
partie du la borne d'en haut en descendant*, will admit no other
interpretation, but that an upper boundary existed at the
time, to the knowledge of the parties, and that the sale was
made in reference to it. The parole evidence adduced by
the defendant, as well as the understanding of the parties, as
shown by their acts since the date of their purchase, satisfies
us that the live oak mentioned by the witnesses, was the
boundary between them. If then the land conveyed to
Charles and Sylvain Duplessis, was sold with fixed bounda-
ries, those boundaries control the quantity, and Charles
Duplessis and his successors, never had any right to the
land claimed by the plaintiff. Had no upper boundary been
fixed by the sale, the defendant has made out a clear case of
prescription to all the land he has possessed under the sale
made to him in 1820, to the full extent of five arpens in front.
The witnesses state that since he purchased, he has held
the roads, levees, bridges and front fences, down to the live
oak, and that his vendor did the same before him; and
those witnesses who have lived with and worked for the
defendant, state that the defendant always worked the land
up to that boundary, and that there was no doubt between
him and Charles Duplessis, or amongst the neighbors, about
the extent of their respective possessions. No evidence can
be clearer or more satisfactory. Under these circumstances,
the possession of the plaintiff, if it existed at all under his
title, was merely intentional, and cannot avail him against
that of the defendant. When two possessions lap, that
which is most perfect and best characterizes the right of

EASTERN DIST.

*April*, 1839.

BLANC
*vs.*
DUPLESSIS,F.M.C.

Where the grantee of a tract of land supposed to contain seven-teen arpents, fronting on the Mississippi, sells the lower twelve arpents to two purcha-sers, (six arpents each,) with cer-tain fixed boun-daries, these will control the quantity in case of deficiency in the whole tract.

So, where a party proves ac-tual possession, to certain and fixed bounda-ries, by making levees and front fences, he will hold by prescription, to the extent of his boundary against the older title.

When two possessions lap, that which is most perfect and best characteri-

EASTERN DIST. property, is to be preferred; that which is corporeal and
*April*, 1839. manifested by acts peaceable and notorious, will prevail over

HAMPTON ET AL. that which is merely intentional; the presumption being, that
*vs.*
BARRETT. the will to possess ceases when it remains inactive and suf-
zes the right of fers an actual adverse possession. *Troplong verbo Prescription,*
property, is to
be preferred; *No.* 245.
that which is cor-
poreal, and ma- We are of opinion, that the plaintiff ought to take nothing
nifested by acts by his action, and that under the 846th article of the Lou-
peaceable and
notorious, will isiana Code, the defendant is entitled to one-sixth of the
prevail over that land sold at sheriffs' sale.
which is merely
intentional.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.