SAVOY, Judge.
Plaintiffs, Willis H. Charrier and Wayne E. Davis, filed suit against defendant, Percy DeVille, involving a certain parcel of land situated in Catahoula Parish, Louisiana. Plaintiffs alleged in their petition that they were the record owners of the land in dispute. Plaintiff, Charrier, alleged further that he and DeVille purchased certain property described in plaintiffs’ petition from Clarence E. Edwards on March 18 arid March 22, 1944, respectively; that in August, 1951, Charrier conveyed a portion of the property to Wayne E. Davis; that at the time of the execution of the above sales, no survey was made, nor were there any fences or other markers showing the boundaries between the properties owned by Charrier and DeVille; that in March, 1962, a survey of the Charrier and DeVille tracts was prepared by Frank B. Parish, registered land surveyor, in order to determine the boundary between the Charrier and DeVille property; that said survey reveals that DeVille had gone into possession of a portion of the property originally acquired by Charrier from Edwards; said plat was introduced in the record as “P-1”.
Defendant filed an original and supplemental answer admitting that both he and Charrier had acquired their adjoining properties from their common author in title, Clarence E. Edwards, on the dates alleged hereinabove; that upon the purchase of the respective properties, Edwards showed the *465 parties the lands they were purchasing and the respective boundary lines; that the west line of the Charrier property, which would be the east line of the DeVille property, was marked by Edwards with a blazed line of trees commencing on the bank of Larto Lake, Catahoula Parish, Louisiana, at a small cypress tree marked with an “X”; that a fence was erected on said line shortly thereafter by the joint efforts of Charrier and DeVille. Shortly thereafter, the parties separated their fences along said dividing line, leaving a three-foot strip between the fences for the right of passage; that these fences were maintained for a period of approximately 18 years until Charrier attempted to change the boundary line between the properties of the parties of the instant suit. Defendant alleged further that the plat prepared by Parish, referred to herein, was in error and did not correctly reflect the west line of the land owned by plaintiffs. Defendant alleged further that since the boundary had been mutually agreed upon between the parties at the time of their purchase from Edwards, Charrier and his vendee cannot now deny the validity of this boundary line. Defendant prayed that the boundary between the properties be fixed in accordance with the blazed tree line and the original fence which was constructed between the Charrier and DeVille property.
After a trial on the merits, the district judge rejected plaintiffs’ demands and established the boundary line between the lands of plaintiffs and defendant as demanded by defendant. From this judgment plaintiffs have appealed to this Court.
Plaintiffs maintain that the district court erred in allowing parol evidence to alter the contents and recitals contained in the deed to plaintiff, Charrier, and that plaintiffs have proved ownership of the east one-fifth of Lot 7 in question. Plaintiffs also maintain that the district court erred in finding that Charrier entered into an agreement or acknowledged that the line of blazed trees where the fences were placed constituted the correct boundary line between his land and that of the defendant. Plaintiffs submit that no plea of prescription was filed in these proceedings by defendant, but in any event, the location of the fence line was never recognized as the boundary; and further, that the defendant did not have possession of the strip of land for thirty years as required by LSA-R.C.C. Art. 852 to prescribe beyond his title.
Defendant contends that the district court was correct in its findings that Charrier and defendant, by parol agreement, accepted the dividing line between their properties as located by their common grantor, Clarence E. Edwards, and after agreeing that this line was correct, fenced along this line, and without question maintained this fence from 1944 until 1962. The defendant invokes the doctrine of estoppel, urging that since an agreed and established boundary line has been maintained for eighteen years, during which time the defendant has possessed the land to the fence as his own, that plaintiffs cannot now disturb the defendant’s possession.
This Court is of the opinion that the district judge correctly held that parol evidence was admissible to prove the boundary between plaintiffs’ and defendant’s property in the instant case.
In the case of Harper v. Learned, 199 La. 398, 6 So.2d 326, the Supreme Court of this State held that parol evidence was admissible to prove a visible boundary recognized by the parties.
The record reveals that after the purchase of his property in 1944, Charrier fenced both sides of his property at the location as blazed by Edwards. Within approximately one year thereafter, this fence was removed and Charrier and defendant each built a fence about 3 or 4 feet from the one removed, leaving a lane for the purpose of allowing livestock to pass through to the southern part of the property. The record also reveals that these fences remained on said respective tracts for a period of approximately eighteen years.
*466 In the case of Conlay v. Gnllette, (La.App., 2 Cir.1954), 70 So.2d 139, cert. den., the court held that where plaintiffs, for a ■period of five years, had accepted an established fence, claimed by defendants to be the boundary line between contiguous property of plaintiffs and defendants, as the .proper dividing line between the separate ownerships, plaintiffs were estopped from ■raising the question of boundary.
In the Conlay case, supra, the court made ■the following observation:
“ ‘The rule is well expressed in 8 American Jurisprudence, 7797, § 73, as follows:
•“ ‘ “Although there was in the early •cases much doubt as to the validity or legal force of parol agreements and ■submissions to settle disputed boundary lines, it is now a well-settled principal of law that an unascertained or disputed boundary line *dividing the lands of .adjoining owners may be permanently and irrevocably established by a parol .agreement of the adjoining owners. It is essential to the validity and binding effect of such agreement that the 'boundary line fixed by the agreement he definite, certain, and clearly marked, .•and that it be made by the adjoining landowners with reference to an uncer-tain or disputed boundary line between ■their lands. Such an oral agreement is -not in contravention of the statute of •frauds; and when executed and actual possession is taken under it, it becomes -conclusive against the owners and those -claiming under them. It has been said that the efficacy of parol agreements and acts of the parties pursuant thereto -conclusively to establish a boundary line rests upon the doctrine of estop-pel.”
‘ In Harper v. Learned, 199 La. 398-417, 6 So.2d 326, 332, the court specifically held: “Parol evidence is admissible to prove a visible boundary recognized by the parties.” Blanc v. Duplessis, 13 La. 334, is cited.’
See also: Griffin v. Mahoney, La.App. 1951, 56 So.2d 208, 212, 213, in which opinion Judge Taliaferro, referring to the above quotation from 8 Am.Jur. page 797, Section 73, commented:
“ ‘Of course, the quoted rule primarily applies to the parties to the agreement and their heirs, but also equally applies to those holding under them, if the evidence direct and/or circumstantial proves that they had knowledge of the location of the established line, and bought and possessed in keeping therewith.’ ”
For the written reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.